CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

SEP 1 0 2007

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| TRAVIS K. TERRY,<br>    Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE,<br>COMMISSIONER OF SOCIAL SECURITY<br>    Defendant. | Civil Action No. 7:06cv00683<br><br>By: Hon. Michael F. Urbanski<br>United States Magistrate Judge |

## MEMORANDUM OPINION

Plaintiff Travis K. Terry ("Terry") brought this action for review of the Commissioner of Social Security's decision denying his claim for Child's Disability Insurance Benefits ("CDIB") under Title II of the Social Security Act, 42 U.S.C. §§ 402(d), 423. The parties have consented to the court's jurisdiction and the case is before the court on cross motions for summary judgment. Having reviewed the record, and after briefing and oral argument, the case must be reversed and remanded for further administrative proceedings.

Reversal and remand is appropriate for three reasons. First, the ALJ did not properly analyze the opinion of Terry's treating physician, Dr. Hylton, and did not properly explain the weight given to the opinion. Second, the ALJ relied upon an incomplete hypothetical that did not account for all of Terry's limitations. Finally, the ALJ relied upon testimony from the vocational expert ("VE") that is inconsistent with the Dictionary of Occupational Titles ("DOT") and did not elicit a reasonable explanation for the inconsistency.

### I.

Terry was born on March 30, 1973, and he completed high school as well as a two-year associate's degree in computer graphics. (R. at 21, 134, 145) Terry's previous jobs were mostly

part-time and short in duration. (R. 35) The Commissioner awarded Terry supplemental security income benefits ("SSI") on December 10, 2004 with an onset date of August 25, 2004.[1] (R. 149)

Terry filed his application for CDIB on September 2, 2004, alleging that he became disabled on March 30, 1973, his date of birth. (R. 35, 99) Terry alleges that his childhood disability is a result of cerebral palsy, mental impairments, and obesity. (R. 20) The SSA denied Terry's claim at the initial, reconsideration, and hearing levels. (R. 14-27)

An administrative law judge ("ALJ") held a hearing on February 23, 2006 and issued a written opinion on April 27, 2006. (R. 17, 27) The ALJ found that Terry suffers from severe impairments, but denied Terry's claim for benefits based on Terry's age, education, work experience, and residual functional capacity ("RFC"). (R. 27) The ALJ concluded that Terry could perform a limited range of sedentary work.[2] (R. 26) The ALJ found exertional impairments which included an inability to climb and occasional ability to stoop, crawl, crouch, kneel, or balance. (R. 24) Additionally, the ALJ found non-exertional limitations of reduced concentration and poor social skills. (Id.) These non-exertional limitations limit Terry to simple, non-complex tasks that require little or no contact with the public and co-workers and do not require constant oversight from supervisors. (Id.) The ALJ's decision became final for the

---

[1] Terry is receiving SSI benefits for diabetes mellitus and complications related to diabetes, including difficulties with his lower extremities.

[2] Sedentary works requires exerting up to 10 pounds of force occasionally and/or a negligible amount of force frequently to lift, carry, push, pull, or otherwise move objects, including the human body. Sedentary work involves sitting most of the time, but may involve walking or standing for brief periods of time. Jobs are sedentary if walking and standing are required only occasionally and all other sedentary criteria are met.
http://www.oalj.dol.gov/PUBLIC/DOT/REFERENCES/DOTAPPC.HTM

2

purposes of judicial review under 42 U.S.C. § 405(g) on October 6, 2006, when the Appeals Council denied Terry's request for review. (R. 5-8) Terry then filed this action challenging the Commissioner's decision.

## II.

Judicial review of a final decision regarding disability benefits under the Act is limited to determining whether the ALJ's findings "are supported by substantial evidence and whether the correct law was applied." Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990) (citing 42 U.S.C. § 405(g)). Accordingly, the reviewing court may not substitute its judgment for that of the ALJ, but instead must defer to the ALJ's determinations if they are supported by substantial evidence. Id. Substantial evidence is such relevant evidence which, when considering the record as a whole, might be deemed adequate to support a conclusion by a reasonable mind. Richardson v. Perales, 402 U.S. 389, 401 (1971). If such substantial evidence exists, the final decision of the Commissioner must be affirmed. Hays, 907 F.2d at 1456; Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966).

The ALJ makes disability determinations pursuant to a sequential five step-process. 20 C.F.R. § 404.1520(a). At the first step, the ALJ determines whether the claimant is currently engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). The second step requires a determination as to the severity of the claimant's medical impairment. 20 C.F.R. § 404.1520(a)(4)(ii), 404.1509. The third step requires the ALJ to determine whether the claimant has an impairment that satisfies one or more of the impairments listed in Appendix 1 of the agency's regulations. 20 C.F.R. § 404.1520(a)(4)(iii), (d), (e); 20 C.F.R. Pt. 404, Subpt. P, App. 1. If an ALJ finds that a claimant meets this test, then the inquiry proceeds no further and

3

the claimant is found to be disabled. 20 C.F.R. § 404.1520(d). Prior to proceeding to the fourth and fifth steps the ALJ must make a RFC assessment. 20 C.F.R. § 404.1520(e). The fourth and fifth steps require the ALJ to consider the RFC and to analyze whether the claimant is able to perform any past relevant work or, if not, any other work. 20 C.F.R. § 404.1520(a)(4), (f), (g). When a decision is made at any step that the claimant is either disabled or not, then the review need not continue to the next step. 20 C.F.R. § 404.1520(a)

Terry argues that the ALJ erred by not giving appropriate weight to the medical opinion of his treating physician, Dr. James M. Hylton ("Dr. Hylton"). (Pl. Summ. J. at 9-10) Specifically, Terry argues that there is no direct evidence to contradict Dr. Hylton's medical opinion and the ALJ should have relied upon the opinion to award CDIB. (Id. at 9) Terry also argues that the ALJ relied upon an incomplete hypothetical to the VE in determining the jobs available to Terry. (Id. at 12) Accordingly, he requests that the decision of the Commissioner be reversed or, in the alternative, remanded for reconsideration. (Id. at 14)

### III.

Terry argues that the opinion of his treating physician, Dr. Hylton, should have been accorded great weight. (Pl. Summ. J. at 9)   Dr. Hylton, in a letter dated February 22, 2006, informed the ALJ that he treated Terry from birth until 1996 when he retired from the practice of medicine. (R. 482) Dr. Hylton explained that Terry was diagnosed with cerebral palsy as a young child and experienced weakness in his left leg and his left arm. (Id.) Dr. Hylton also indicated that Terry began having behavioral problems in his teens that forced his parents to admit him for psychiatric treatment. (Id.) Dr. Hylton acknowledged that little mention was made in Terry's medical records concerning his cerebral palsy. Dr. Hylton explained that little

4

could be done to treat Terry's condition and as such there was no reason to mention the disease during each visit. (Id.) Finally, Dr. Hylton opined that Terry met the requirements for social security disability. (Id.)

The ALJ determined that although Terry's ailments were severe, they were not of a severity sufficient to qualify for disability benefits. (R. 22-23) The ALJ also determined that Terry's medically determinable ailment could reasonably be expected to produce the alleged symptoms. (R. 25) However, the ALJ found that the "claimant's statements concerning the intensity, duration and limiting effects of these symptoms are not entirely credible." (Id.) The ALJ referenced Dr. Hylton's opinion at step two of the sequential evaluation and made the determination that Terry's ailments were severe. (R. 21-22) The ALJ again referenced Dr. Hylton's opinion in making the RFC assessment. (R. 25) The ALJ did not, however, address Dr. Hylton's opinion at step three when she determined that Terry did not meet the listing requirements in Appendix 1, § 11.07 for cerebral palsy.[3] (R. 22-23)

An ALJ is required to analyze every medical opinion received and determine the weight to give to such an opinion in making a disability determination. 20 C.F.R. § 404.1527 (d). A treating physician's opinion is to be given controlling weight if it is supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the record. Mastro v. Apfel, 270 F.3d 171, 178 (4th Cir. 2001) ("[A]

---

[3]Listing § 11.07 requires:
Cerebral palsy with:
A. IQ of 70 or less; or
B. Abnormal behavior patterns, such as destructiveness or emotional instability; or
C. Significant interference in communications due to speech, hearing, or visual defect; or
D. Disorganization of motor function as described in 11.04B.

5

treating physician's opinion on the nature and severity of the claimed impairment is entitled to controlling weight if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the record."); 20 C.F.R. § 404.1527 (d)(2); Social Security Ruling 96-2p. The ALJ is to consider a number of factors which include whether the physician has examined the applicant, the existence of an ongoing physician-patient relationship, the diagnostic and clinical support for the opinion, the opinion's consistency with the record, and whether the physician is a specialist. 20 C.F.R. § 404.1527. A treating physician's opinion cannot be rejected absent "persuasive contrary evidence," and the ALJ must provide her reasons for giving a treating physician's opinion certain weight or explain why she discounted a physician's opinion. Mastro, 270 F.3d at 178; 20 C.F.R. § 404.1527(d)(2) ("We will always give good reasons in our notice of determination or decision for the weight we give your treating source's opinion."); SSR 96-2p ("the notice of determination or decision must contain specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.").

The court finds that the ALJ did not fulfill her statutory obligation to consider all the relevant medical evidence and to explain the weight given to such evidence. Perry v. MYNU Coal, Inc., 469 F.3d 360, 363-64 (4th Cir. 2006) (citing Sterling Smokeless Coal Co. v. Akers, 131 F.3d 438, 439-40 (4th Cir. 1997)). Specifically, the ALJ failed to address Dr. Hylton's opinion that Terry met the listing for cerebral palsy in Appendix 1, § 11.07(B) and (D) prior to

6

his twenty-second birthday.[4] (R. 482) The ALJ's step three determination that Terry does not meet the cerebral palsy listing requirement is perfunctory with no acknowledgment of Dr. Hylton's opinion, let alone the weight given to it and the reasons for giving it such weight. (R. 22-23)

The ALJ does indicate that Dr. Hylton's opinion should not be given controlling weight because the opinion is inconsistent with the doctor's own notes and other substantial evidence. (R. 25) The ALJ, however, does not make this determination until after she determined that Terry did not meet the listing requirement for cerebral palsy and moved on to assessing Terry's RFC. (Id.) Dr. Hylton's opinion that Terry does satisfy the listing for cerebral palsy is not addressed by the ALJ. As such, the ALJ has not satisfied her statutory burden to consider all the medical evidence and enunciate her reasoning and rationale for discounting the treating physician's opinion. Sterling Smokeless, 131 F.3d at 439-40. The case must be remanded for further consideration consistent with this opinion.

## IV.

Terry also argues that the ALJ asked the VE an incomplete hypothetical and erroneously relied upon the VE's answer to determine that Terry could perform the requirements of representative occupations such as mail handler and general product worker. (Pl. Summ. J. at 12) Specifically, Terry argues that the ALJ neglected to include Terry's functional limitations in

---

[4] At oral argument, held on August 14, 2007, the Commissioner argued that Terry's current diagnosis of cerebral palsy could not be used to determine his status prior to his twenty-second birthday because cerebral palsy was degenerative and could have worsened over time. This argument, however, lacks merit. Cerebral palsy, by definition, appears in childhood and does not worsen over time. NATIONAL INSTITUTE OF HEALTH, NATIONAL INSTITUTE OF NEUROLOGICAL DISORDERS AND STROKE, CEREBRAL PALSY: HOPE THROUGH RESEARCH, ("Doctors use the term cerebral palsy to refer top any one of a number of neurological disorders that appear in infancy or early childhood and permanently affect body movement and muscle coordination but aren't progressive, in other words, they don't get worse over time."), available at http://www.ninds.nih.gov/disorders/ cerebral_palsy/detail_cerebral_palsy.htm#93323104.

7

his left arm/hand and leg/foot, which would have eliminated the two jobs the ALJ found Terry capable of engaging in. (Pl. Summ. J. at 14)

An ALJ must take into account all the specific limitations of a claimant when crafting a hypothetical question to a VE. Walker v. Bowen, 889 F.2d 47, 50-51 (4th Cir. 1989). Otherwise, the relevance and value of the VE's testimony is greatly diminished. Johnson v. Barnhart, 434 F.3d 650, 659 (4th Cir. 2006) (quoting Walker, 889 F.2d at 50). Failure to consider all the claimant's functional limitations and then relying upon an incomplete hypothetical when reaching a judgment constitutes an error of law. Hancock v. Barnhart, 206 F. Supp. 2d 757, 767 (W.D.Va. 2002).

At the hearing, the ALJ solicited testimony from the VE regarding Terry's ability to perform the necessary functions of jobs available in the regional or national economy. (R. 59-65) The ALJ initially crafted a hypothetical for the VE that neglected to include Terry's physical limitations in his left hand. (R. 60) In response to this hypothetical, the VE determined that two job descriptions were available, that of material handler and general production worker.[5] (R. 60-61) Terry's attorney then reformulated the hypothetical to include Terry's limitations with his left hand. (R. 62) The VE testified that the jobs mentioned before would be eliminated "primarily due to the problems with the hand and the moderate decrease in concentration." (R. 63) The moderate decrease in concentration referred to by the VE was included in the ALJ's initial hypothetical, thus the only additional limitation the VE relied upon to eliminate both jobs was the physical limitation of Terry's left hand.

---

[5] Although the VE testified that Terry could be a material handler, the ALJ, in her written decision, construed this testimony to actually mean mail handler. (R. 27)

8

The ALJ then asked the VE if any jobs exist if there was only a mild dysfunction in the use of the left hand. (R. 63) The VE pointed to jobs such as production inspector for small products like eyeglasses and garments and testified that 13,000 jobs exist in the United States with over 400 in Virginia. (Id.) The VE testified that Terry would still need to be able to grasp objects and finely manipulate them, but that generally it could be done using one hand. (R. 64) The ALJ then asked the VE whether his testimony was consistent with the DOT and the VE confirmed that it was. (R. 64)

The ALJ erroneously relied upon the VE's testimony that Terry would be able to perform the duties of mail handler or general production worker because the ALJ asked an improper hypothetical that did not include all of Terry's physical limitations. Hancock, 206 F. Supp. 2d at 767 (ALJ's reliance on VE's findings that failed to account for specific functional limitations is error of law). The ALJ did not include Terry's limited use of his left hand in crafting her initial hypothetical. (R. 59-60) The ALJ did, however, find that Terry suffered from "neurological weakness of the left side with motor dysfunction of the left arm" in her opinion. (R. 20) Consistent with this finding, the ALJ later modified the hypothetical to include Terry's physical limitation, but for some reason relies only upon the initial hypothetical in her opinion. (R. 26-27, 59-61) As such, the testimony relied upon by the ALJ is of little relevance or assistance in making a judgment in this case. Johnson, 434 F.3d at 659 (quoting Walker, 889 F.2d at 50). The ALJ's reliance on the initial, incomplete hypothetical constitutes an error of law and necessitates remanding this case for further proceedings consistent with this opinion. Hancock, 206 F. Supp. 2d at 767.

## V.

The ALJ's opinion also relied upon the testimony of the VE that his answers were consistent with the DOT. (R. 27) Under 20 C.F.R. § 404.1566 an ALJ may use the DOT and testimony of a VE to determine whether the claimant can find jobs in the regional and national economy. According to Social Security Ruling 00-4p, the testimony of a VE should normally be consistent with the DOT. When an apparent conflict exists between the two, the ALJ must elicit a reasonable explanation on the record as to the reason for the conflict before relying on such testimony. Social Security Ruling 00-4p. Furthermore, the ALJ must also ask the VE whether his testimony is consistent with the DOT. Id. When an ALJ relies upon testimony from a VE that is incorrect or outdated, then the ALJ's decision is not supported by substantial evidence and thus necessitates a remand. English v. Shalala, 10 F.3d 1080, 1084-85 (4th Cir. 1993)

The ALJ in this case fulfilled her obligation to ask whether the VE's testimony was consistent with the DOT. (R. 64) The ALJ relied upon this testimony in her opinion and found that the VE's testimony was consistent with the DOT. (R. 27) Upon examination of the DOT, however, there exists a conflict between the VE's testimony and the DOT. This conflict was never explained, resolved, nor even mentioned in the ALJ's opinion.

The ALJ questioned the VE as to whether any jobs existed at the sedentary exertional level. (R. 60) As discussed above, the VE testified that Terry could perform the functions of a mail handler or general production worker. The ALJ relied upon this testimony to make a step five determination that Terry could perform the functions of either of those jobs. (R. 26-7) The ALJ did not, however, consult the DOT to ensure that the VE's testimony was consistent with it.

Mail handler, DOT 209.687-014, has a strength rating of light work as opposed to sedentary. Similarly, general production worker, DOT 529.686-070, has a strength rating of medium. The VE provided testimony to the ALJ that was inconsistent with the DOT because the ALJ specifically questioned the VE about jobs at the sedentary exertional level. Neither of the jobs provided by the VE fall into that category, and absent a reasonable explanation on the record, the ALJ cannot rely on the VE's testimony. Social Security Ruling 00-4p. The ALJ did not make an effort to resolve the inconsistency and relied upon the VE's testimony in her opinion. As such, the ALJ's opinion is not supported by substantial evidence and must be remanded. Oxendine v. Halter, 181 F. Supp. 2d 570, 574 (E.D.N.C. 2001).

For the reasons noted above, the court finds this case must be reversed and remanded to the Commissioner for further administrative proceedings consistent with this opinion.

The Clerk of the Court hereby is directed to send a certified copy of this Memorandum Opinion and accompanying Order to all counsel of record.

**ENTER:** This 10th day of September, 2007.

_____
Michael F. Urbanski
United States Magistrate Judge

11